RALPH R. DeVILLARS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Villars v. Commissioner
Docket No. 15656-85.
United States Tax Court
T.C. Memo 1986-374; 1986 Tax Ct. Memo LEXIS 234; 52 T.C.M. (CCH) 180; T.C.M. (RIA) 86374; August 12, 1986. *234 Held, by failing to make a timely response to a Request for Admissions served upon petitioner and filed with the Court by respondent in the manner provided by Rule 90, Tax Court Rules of Practice and Procedure, and by showing no basis upon which the matters thereby deemed admitted under the Rule should be modified or withdrawn, and the matters contained in the Request for Admissions being comprehensive as to all matters contained in respondent's determination of deficiencies in income tax and additions to tax upon which petitioner has the burden of proof, petitioner has accordingly admitted the correctness of respondent's determination in all respects. Ralph R. DeVillars, pro se. Russell F. Kurdys and Edward J. Laubach, Jr., for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed April 2, 1986, for a decision in the total amount of the deficiencies in income tax and additions to tax determined by respondent in a deficiency notice sent to petitioner on March 6, 1985. Rule 121, Tax Court Rules of Practice and Procedure. Respondent determined the following deficiencies: Additions to Tax
Tax Year Ended
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec. 6654(a)
December 31, 1977
$6,391.50
$1,597.88
$319.58
$227.68
December 31, 1978
11,586.70
2,896.68
579.34
369.88
December 31, 1979
16,008.90
4,002.23
800.45
669.21
December 31, 1980
5,497.28
1,374.32
274.86
350.26
*236 Respondent's motion is based entirely upon facts deemed admitted by petitioner as a result of his failure to make a timely response to respondent's Request for Admissions (the Request) served by mail upon petitioner on February 20, 1986, and filed with the Court on February 24, 1986. At a hearing on this matter petitioner admitted the correctness of the address to which the Request was mailed, although in a previous document he had denied receiving same. We hold that the Request for Admissions was properly served and filed in compliance with Rule 90. Although Rule 90(c) requires a response within 30 days after service of a request for admissions, no response was forthcoming from petitioner until May 2, 1986, a date subsequent to the date on which respondent filed his Motion for Summary Judgment and 71 days after service of the Request. Under Rule 90(c), each matter is deemed admitted in the absence of an adequate response within the aforementioned 30-day period. The petition in this case raises Fifth Amendment objections, as exemplified by the following paragraphs: C. Petitioner has validly claimed his right against self-incrimination as grounds for refusing to produce *237 the financial information demanded of him by The Internal Revenue Service, has requested a grant of immunity as provided by law, and indicated his willingness to supply the financial information demanded of him provided he is granted immunity against its use against him in a later prosecution. D. Petitioner is not unwilling to assume the burden of proof at Tax Court if the Court can secure for him a grant of immunity; but, in the absence of a grant of immunity Petitioner alleges that placing the burden of proof of him would constitute unlawful coercion, compulsion, and infliction of penalties to compel potentially incriminating information which has not been immunized. The facts contained in respondent's Request which are deemed admitted are as follows: 1. For each of the years 1977, 1978, 1979 and 1980 petitioner Ralph R. DeVillars, without reasonable cause, did not file Federal income tax returns. Said failure to file continues to date. 2. During the years 1977, 1978, 1979 and 1980, Ralph DeVillars had gross income from business in the following amounts: 1977
$35,224.62
1978
44,156.43
1979
50,035.37
1980
27,198.49
3. During those years, petitioner's *238 cost of goods sold were as follows: 1977
$4,072.13
1978
2,166.54
1979
3,101.74
1980
1,301.03
4. During those years, petitioner had deductible business expenses from his sales activities as follows: 1977
$5,349.33
1978
6,160.00
1979
5,456.60
1980
6,017.51
5. During those years, petitioner had interest income in the following amounts: 1977
$20.87
1978
133.59
1979
129.21
1980
6. During the years in issue, petitioner had deductible alimony expenses as follows: 1977
1978
$1,500.00
1979
1,800.00
1980
1,800.00
7. During the years in issue, petitioner had deductible itemized deductions as follows: 1977
$1,863.96
1978
1979
1980
8. Petitioner's correct taxable income for those taxable years are as follows: 1977
$22,460.07
1978
32,963.48
1979
38,806.24
1980
18,079.95 (tax table income)
9. For these years, petitioner's correct income tax is as follows: 1977
$6,391.50
1978
11,586.70
1979
16,008.90
1980
5,497.28
10. For 1977, 1978, 1979 and 1980, petitioner filed no Federal income tax return, and no assessments or payments *239 in tax were made by petitioner for any of those years. 11. The deficiencies in tax due from petitioner for the years in question are as follows: 1977
$6,391.50
1978
11,586.70
1979
16,008.90
1980
5,497.28
12. Since petitioner, without reasonable cause, failed to file tax returns, there are additions to the tax due for the taxable years 1977, 1978, 1979 and 1980 under I.R.C. sec. 6651(a)(1) in the amounts of $1,597.88, $2,896.68, $4,002.23 and $1,374.32, respectively. 13. Part of the underpayment of tax for the taxable years 1977, 1978, 1979 and 1980 is due to negligence or intentional disregard to the rules and regulations by petitioner. Consequently, the 5 percent addition to the tax under I.R.C. sec. 6653(a)(1) is applicable. 14. There are due from petitioner for the taxable years 1977, 1978, 1979 and 1980 additions to the tax under I.R.C. sec. 6653(a)(1) in the following amounts: 1977
$319.58
1978
579.34
1979
800.45
1980
274.86
15. Petitioner underpaid his estimated tax for each of the years, and consequently is liable for the additions to the tax under *240 I.R.C. sec. 6654(a) in the following amounts: 1977
$227.68
1978
369.88
1979
669.21
1980
350.26
Petitioner's late response to respondent's Request for Admissions was as follows: 1. Untrue, for the years 1977, 1978, 1979, and 1980. Petitioner Ralph R. DeVillars was not required to file Federal tax returns due to lack of income, Connors v. U.S., Civ. A No. 68H721. 2. Untrue, for the years 1977, 1978, 1979, and 1980. Ralph DeVillars had no gross income, but compensation for labor in exchange for time. 3.Denied, blatant understatement of costs. 4. Denied, blatant understatement of expenses. 5. Denied. 6. Denied, blatant understatement of expenses of raising a child. 7.Denied. 8. Untrue. Petitioner had no taxable income, for any year much less a taxable income for taxable year. 9. Untrue. Petitioner had no income since all he ever received was compensation. 10. For the years 1977, 1978, 1979 and 1980, petitioner was not required to file Federal tax returns due to lack of income. 11. Denied, pure assumption. 12. Petitioner has every reasonable cause not to file. Privacy Act and Paperwork Reduction Act. *241 Oliver v. Halsteadt, 96 S.E. 2d 858, 859. 13. Denied. No underpayment of tax was made for any of these years. There is no negligence or intentional disregard of any mandatory rules or regulations. Voluntary regulations may be disregarded without punishment or these regulations would be mandatory. 14. Denied.No taxable years for petitioner have been established. 15. Denied. Petitioner never underpaid any estimated tax. NEW MATTER
Petitioner respectfully petitions this court to take judicial notice of U.S. v. Aitken 84-1614 and give petitioner a determination of the word income, or in the alternate tell petitioner which code section I can find the word defined at. The prosecution is moving forward under assumptions which have never been declared to be so. There rests a responsibility with the senior attorney of the Internal Revenue Service to know what income is. Bothke v. US 713 F2d 1405 (1983). Petitioner motions this court to dismiss this harassment due to lack of income for the years in question. Petitioner also respectfully requests to appear in the Court of proper jurisdiction, which should be the tax court of the United States *242 since petitioner is a Citizen of one of the United States and not one that is included in the United States' tax code. This case was placed on a calendar for trial in Pittsburgh, Pennsylvania, commencing May 27, 1986, and respondent's Motion for Summary Judgment was also placed on that calendar for disposition. Previously, petitioner had filed an "Objection to Respondent's Motion for Summary Judgment" stating that he had never previously received the Request (a copy of which was attached to respondent's Motion for Summary Judgment) upon which respondent's motion was based (although he subsequently admitted that the address to which the Request for Admissions was mailed was his correct address), and asserting various frivolous tax protester objections. When the case was called from the calendar in connection with respondent's Motion for Summary Judgment, petitioner appeared in person and was heard. At the hearing the Court read into the record or summarized therein each of petitioner's responses to the matters contained in respondent's Request. Petitioner continued to press his contention that compensation for labor is not income. He also continued to demand that he be cited *243 to the Code section which defines the term "income." At this point the following colloquy occurred: THE COURT: Well, I'm sorry. I just don't think we're going to get anywhere with this hearing. Do you have any wish to try to prove any of your income or your deductions in this Court? Because if you don't, we might as well conclude this proceeding right now. MR. DeVILLARS: I have nothing now -- THE COURT: Okay. MR. DeVILLARS: -- to prove that. Although Rule 90(f) permits the withdrawal or modification of admitted matters when the presentation of the merits of the case will be subserved thereby and the party (here, respondent) who obtained the admission fails to satisfy the Court that the withdrawal or modification will prejudice him in prosecuting his case or in its defense on the merits, we think it is clear that the frivolous and peremptory nature of petitioner's tardy responses to the Request, his adamant pressing of tax protester arguments at the hearing and his declining the opportunity to offer substantive evidence as to his income and deductions at the trial make it evident that no basis exists for our directing the withdrawal or modification of the deemed admissions. *244 The matters deemed admitted by petitioner will therefore stand. Dahlstrom v. Commissioner,85 T.C. 812, 818-819 (1985). Respondent's Motion for Summary Judgment will be granted. Petitioner is deemed to have admitted the amounts of gross income from business, cost of goods sold, deductible business expenses for sales activities, interest income, alimony expenses, deductible itemized expenses, taxable income and income tax, income tax deficiencies and additions to tax under sections 6651(a)(1), 6653(a)(1) and 6654(a) as stated in the Request, which are the same as those determined in the deficiency notice. Petitioner has the burden of proof as to all of these items. Rule 142(a). Petitioner further has admitted that he could produce no evidence to challenge the Commissioner's determination. Compensation for services is taxable income, not forbidden by the Constitution. Lonsdale v. Commissioner,T.C. Memo. 1981-122, affd. 661 F.2d 71 (5th Cir. 1981). In addition, we patiently repeat a long-standing definition of income contained in an opinion by Judge Learned Hand: "[i]ts meaning [of income] is * * * to be gathered from the *245 implicit assumptions of its use in common speech." United States v. Oregon-Washington R. & Nav. Co.,251 F. 211, 212 (2d Cir. 1918). We have adopted this definition as our own. Hellermann v. Commissioner,77 T.C. 1361, 1366 (1981). To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Unless otherwise noted, all section references are to sections of the Internal Revenue Code of 1954 in effect for the years in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩